## SERVICE OF SUMMONS ON THE WRONG PARTY.

Circuit Court of Hamilton County.

THE PITTSBURGH, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY
CO. v. SAMUEL P. COPENHAVER, ADMINISTRATOR, ET AL.

Decided, March 28, 1908.

*Summons—Action Filed Against Controlling Instead of Subsidiary Com-
pany—Service had on Officer of Subsidiary Company—Service De-
fective and Amendment thereof Ineffectual—Injunction against
Multiplicity of Suits—Section 5041.*

1. Service upon the chief clerk of the superintendent of a railway is
   not service upon a chief officer, and where such service is had upon
   a petition in which the wrong company is named as defendant, the
   substitution of the name of the proper company, and the amend-
   ment of the return of summons to conform thereto, is ineffectual
   to bring the proper company into court.
2. Where it appears that as many as six actions are being prosecuted
   by the same plaintiff as administrator of as many different estates
   against the same defendant, which can result only in void judg-
   ments, a court of equity will intervene by injunction to prevent
   a multiplicity of suits and vexatious litigation.

The plaintiff railway company brought an action in the court
below to enjoin the defendant, Copenhaver, administrator, from
prosecuting six different actions against the said company on
account of the deaths of six different members of the same family,
who were killed by being struck by a train at one of the com-
pany's crossings. These actions were brought against the
Pennsylvania Company for the reason, as was stated in the court
below, that the cars which composed the train which struck the
decedents were marked "the Pennsylvania Lines" and employes
of the road had declared to the administrator or his counsel that
they were employes of the Pennsylvania Company. The actions
were filed in August, 1903, six weeks after the accident. Sum-
mons was issued upon the Pennsylvania Company, but was
served on W. B. Folger, assistant or chief clerk of the P., C., C.
& St. L. Ry. Company, which was the company operating the
line upon which the accident occurred, under the control of the

Pennsylvania Company.  The month following the P., C., C. & St. L. Ry. Co. filed an answer, but did not set up that the Pennsylvania Company was not the proper party defendant.  Nearly three years intervened before it was discovered by the plaintiff that the wrong company had been made defendant.  A motion to correct the name of the defendant was thereupon filed, which was granted over the objection of the P., C., C. & St. L. Ry. Co., and entries were made correcting the name and also amending the summons and also the return thereon.

Five months thereafter the petition in the present case was filed, the prayer of which was that the administrator be restrained from proceeding to trial or from taking judgment in any of said cases until the company had been properly brought into court, the allegation being that if judgment and levy were taken in these cases as they then stood, it would be without due process of law and contrary to the Fourteenth Amendment of the Constitution of the United States.

In contesting this action it was claimed on behalf of the administrator that notwithstanding the mistake in the name the right party was served with summons; that one of the first maxims of equity had been violated by the railway company, to-wit, that he who seeks equity must do equity, the violation being in the fact that nothing was said in the answer of the said company, filed three years before, which would give the plaintiff information that he had not sued the right party; and further, that the company had a complete and adequate remedy at law, and that irreparable injury would result to the administrator by granting an injunction, for the reason that it would prevent the prosecution of cases for six wrongful deaths.

As against the right of the railway company to an injunction, Albert H. Morrill cited:  4 N. P., 331; 8 O., 39; 14 O., 358; 12 O., 389; 4 C. C.—N. S., 11; 12 C. C., 177; 18 C. C., 847; 68 Miss., 409; 49 Fed. Rep., 517; 71 Fed. Rep., 58; 76 Fed. Rep., 25; 16 Am. & Eng. Ency. of Law, 359; 9 N. J. Equity, 192; 7 Howard, 652; 4 Blatchford, 70; 34 Mo., 92; 56 N. Y., 175; High on Injunctions, par. 51.

As to the service of summons on the wrong party, it was contended that the weight of authority is to the effect that if a party

is actually served, though served under a wrong name, the error will not be fatal, a proposition sustained by the following authorities: Vol. 20, Ency. Pleading & Practice, p. 1131; 33 Mo., 347; 73 Mass., 378; 87 Ind., 181; 23 S. C., 125; 31 Md., 38; 77 Mo., 369; 50 N. C., 25.

*Maxwell & Ramsey*, for plaintiff in error.

*Albert H. Morrill, L. W. Goss, Cogan & Williams* and *Renner & Renner*, contra.

GIFFEN, J.; SWING, P. J., and SMITH, J., concur.

The chief clerk of the superintendent of a railroad corporation is not a chief officer upon whom service of summons is authorized by Section 5041, Revised Statutes, and service upon such person as an officer of the Pennsylvania Company is not even an attempt to serve the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Co.; hence the substitution of the latter company for the former as defendant upon motion of the plaintiff and the amendment of the return of the sheriff are unauthorized to effect the appearance of such defendant.

Where it appears that the court has no jurisdiction of the person of the defendant in six separate actions growing out of the same alleged negligent act of the defendant, which are prosecuted by the same plaintiff, as administrator of six estates, a court of equity will intervene by injunction to prevent a multiplicity of suits and vexatious litigation which can result only in void judgments. *Scofield* v. *Railway Co.*, 43 O. S., 571; *Greene* v. *Railway Co.*, 62 O. S., 67; *High on Injunctions*, Section 12.

The injunction prayed for will therefore be granted.